# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| BRITTANY S. CURRY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ANGELA MESMER, et al., )<br>)<br>Defendants. ) | No. 2:24-CV-00064 RWS |

## MEMORANDUM AND ORDER

Before the Court is plaintiff Brittany Curry's complaint. Curry is an inmate at the Women's Eastern Reception, Diagnostic and Correctional Center in Vandalia, Missouri. Curry has failed to pay the $405 filing fee nor filed a motion to proceed without prepayment of fees or costs. As such, she will be required to do one or the other within twenty-one (21) days of the date of this Memorandum and Order. Additionally, after reviewing the complaint submitted by Curry, the Court will require her to submit an amended complaint on a Court-provided form, also within twenty-one (21) days of the Court's Order.

### Legal Standard on Initial Review

This Court is required to review a complaint filed in forma pauperis and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

District courts must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  This means that "if the essence of an allegation is discernible," courts should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). District courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, or interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff Brittany Curry is a Missouri State prisoner incarcerated at the Women's Eastern Reception, Diagnostic and Correctional Center (WERDCC) in Vandalia, Missouri. She filed the

2

instant complaint pursuant to 42 U.S.C. § 1983 against twenty-three (25) defendants in this action.[1] Plaintiff brings her allegations against defendants in their official capacities only.

Plaintiff's complaint numbers seventy (70) pages with an additional one-hundred-two (102) pages of exhibits. Additionally, a review of her complaint shows that plaintiff is attempting to pursue a myriad of claims in this lawsuit relating to events which purportedly occurred between September of 2022 and the present. Plaintiff's claims allegedly relate to verbal abuse, racial discrimination, harassment, failure to protect, failure to intervene, retaliation, deliberate indifference to serious medical needs, failure to properly investigate, failure to supervise, denial of access to courts, denial of protective custody and retaliatory discipline.

Plaintiff seeks monetary and injunctive relief in this action.

## Discussion

The Complaint suffers from several defects, which the Court will allow plaintiff to address by amending her complaint.

First, plaintiff brings multiple unrelated claims against a plethora of different defendants, which is impermissible. A plaintiff may join in one action as many claims as she has against a *single* defendant. Fed. R. Civ. P. 18(a) (emphasis added). When multiple defendants are named, the Court must consider whether the defendants are properly joined under Rule 20(a)(2) of the Federal Rules of Civil Procedure. *See Intercon Research Assocs., Ltd. v. Dresser Indus., Inc.,* 696 F.2d 53, 57 (7th Cir. 1982). Under Rule 20(a)(2), a plaintiff may join multiple defendants in one action only if her claims against them arise out of the same transaction or occurrence or series of transactions or occurrences and present common questions of law or fact. Unrelated claims against

---

[1]Twenty-three (23) defendants are named in the caption of the complaint. However, plaintiff has named two (2) additional defendants in the body of the complaint – Officer Unknown Teson and John Doe PREA Investigator. The Court will require the Clerk to add these defendants to the docket.

3

different defendants must be brought in different suits. In the context of cases filed in forma pauperis by prisoners, this requirement serves the additional purpose of ensuring that prisoners pay the required filing fees, because the Prison Litigation Reform Act limits the number of frivolous suits or appeals a prisoner may bring in forma pauperis. *See* 28 U.S.C. § 1915(g).

In this case, plaintiff's claims against each of the defendants belong in separate lawsuits as they detail different factual circumstances relating to each claim. In fact, a review of the complaint indicates that almost none of the issues in plaintiff's complaint contain multiple claims against *one single defendant.* Rather, it appears as plaintiff has attempted to bring twenty-five (25) separate claims against twenty-five (25) separate defendants in one lawsuit. Such pleading practices are not allowed.

Although misjoinder of parties is not grounds for dismissing an action, a Court may, on its own, drop parties or sever any claim against a party to remedy the misjoinder. Fed. R. Civ. P. 21. Rather than sever claims on its own at this time, the Court will give plaintiff the opportunity to file an amended complaint. Doing so will allow plaintiff to decide what claim to pursue in this lawsuit, and to specify the capacity she wishes to sue the defendant she would like to go forward against.

### Instructions for Amending the Complaint

Plaintiff is advised that the amended complaint will replace the original complaint. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to her. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the complaint form, plaintiff should write the name of the defendant she intends to sue. *See* Fed. R. Civ. P. 10(a). Plaintiff must avoid naming a person as a defendant unless that person is directly related to her claim. Plaintiff must specify the capacity in which she sues the defendant.

In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support her claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Plaintiff's averments must be simple, concise, and direct. *See id.* Plaintiff must state her claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). Plaintiff is advised to avoid including unnecessary detail in the amended complaint. Plaintiff will have the opportunity to present evidence and argument in support of his claims if and when this case proceeds to the later stages of litigation.

If plaintiff names a single defendant, she may set forth as many claims as she has against that defendant. *See* Fed. R. Civ. P. 18(a). However, as explained above, if plaintiff names more than one defendant, she may only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Plaintiff may file a separate civil action to assert any unrelated claim or claims.

It is important that plaintiff allege facts explaining how the defendant was personally involved in or directly responsible for harming her. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant, so the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to

5

give the opposing party fair notice of the nature and basis or grounds for a claim."). Further, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall add two additional defendants to the docket: Officer Unknown Teson and John Doe PREA Investigator.

**IT IS FURTHER ORDERED** that the Clerk is directed to send plaintiff two forms for proceeding in forma pauperis in a prisoner lawsuit.

**IT IS FURTHER ORDERED** that plaintiff must either pay the $405 filing fee or submit a motion to proceed without prepaying fees or costs within twenty-one (21) days of the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff submits a motion to proceed in forma pauperis in this action, she must submit a copy of her prison account statement with her motion to proceed in forma pauperis.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff two copies of the Court's form Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this order, plaintiff must file an amended complaint on a Court-provided form in accordance with the instructions herein.

**Plaintiff's failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

Dated this 19th day of September, 2024.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE